FILED
United States Court of Appeals
Tenth Circuit

June 30, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE LUIS BERNAL ANGULO,

Defendant - Appellant.

No. 17-6072
(D.C. No. 5:16-CR-00071-R-1)
(W.D. Okla.)

**ORDER AND JUDGMENT[*]**

Before **TYMKOVICH**, Chief Judge, **LUCERO** and **McHUGH**, Circuit Judges.

After entering into a plea agreement, Jose Luis Bernal Angulo pleaded guilty to one count of possessing methamphetamine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). In the agreement, Mr. Angulo expressly waived "his right to appeal his guilty plea," and "his sentence as imposed by the Court . . . and the manner in which the sentence is determined[,]" provided the sentence is not "above

---

[*] This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the advisory guideline range determined by the Court to apply" in his case. Plea Agt. at ¶ 8(a),(b).

In addition to the plea agreement that stated the waivers were knowing and voluntary, *see* Plea Agt. at ¶ 8, the district court confirmed at the plea hearing that Mr. Angulo understood the waivers in the plea agreement, *see* Plea Hr'g Tr. at 8-9.

The district court sentenced Mr. Angulo to 180 months' imprisonment—below the advisory guideline range of 360 months to life imprisonment. Notwithstanding the appeal waivers, Mr. Angulo filed a notice of appeal.

The government has filed a motion to enforce the plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam). In response, Mr. Angulo's counsel has stated that there are no non-frivolous arguments that can be presented in response to the motion to enforce, citing *Anders v. California*, 386 U.S. 738, 744 (1967), and has moved to withdraw as counsel. This court gave Mr. Angulo an opportunity to file a pro se response to the motion to enforce. The deadline for filing a response has passed and Mr. Angulo has not filed anything with this court.

Under *Anders*, we have conducted an independent review of the motion and the record and we conclude that Mr. Angulo's proposed appeal falls within the scope of the appeal waiver, that he knowingly and voluntarily waived his appellate rights, and that enforcing the waiver would not result in a miscarriage of justice. *See Hahn*,

359 F.3d at 1325-28 (describing the factors this court considers when determining whether to enforce a waiver of appellate rights).

The motion to enforce is granted and this appeal is dismissed. We grant counsel's motion to withdraw.

Entered for the Court
Per Curiam
